IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLORO CAUTON, | ) | 1:06-cv-00015-REC-SMS-P |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATION** |
| | ) | **RE DISMISSAL OF ACTION FOR** |
| v. | ) | **FAILURE TO COMPLY AND** |
| | ) | **FAILURE TO PROSECUTE** |
| USA, | ) | (Doc. 4) |
| | ) | |
| Defendant. | ) | |

Plaintiff, Floro Cauton ("plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 8, 2006, the court issued an Order requiring plaintiff to show cause in writing why this action should not be dismissed for failing to prosecute by keeping the Court apprised of his current address, within twenty (20) days from the date of service of that order. On February 21, 2006, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. A notation on the envelopes indicated: Return to Sender - Attempted Not Known.

1    Pursuant to Local Rule 83-183(b), a party appearing in
2 propria persona is required to keep the court apprised of his or
3 her current address at all times.  To date, plaintiff has not
4 notified the court of his address change or otherwise been in
5 contact with the court.  Absent such notice, service at a party's
6 prior address is fully effective.  See Local Rule 83-182(f).
7    Local Rule 11-110 provides that "failure of counsel or of a
8 party to comply with these Local Rules or with any order of the
9 Court may be grounds for the imposition by the Court of any and
10 all sanctions . . . within the inherent power of the Court."
11 District courts have the inherent power to control their dockets
12 and "in the exercise of that power, they may impose sanctions
13 including, where appropriate . . . dismissal of a case."
14 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
15 court may dismiss an action, with prejudice, based on a party's
16 failure to prosecute an action, failure to obey a court order, or
17 failure to comply with local rules.  See, e.g. Ghazali v. Moran,
18 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance
19 with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th
20 Cir. 1992) (dismissal for failure to comply with an order
21 requiring amendment of complaint); Carey v. King, 856 F.2d 1439,
22 1440-41 (9th Cir. 1988)(dismissal for failure to comply with
23 local rule requiring pro se plaintiffs to keep court apprised of
24 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th
25 Cir. 1987)(dismissal for failure to comply with court order);
26 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
27 (dismissal for failure to lack of prosecution and failure to
28 comply with local rules).

1  In determining whether to dismiss an action for lack of
2 prosecution, failure to obey a court order, or failure to comply
3 with local rules, the court must consider several factors: (1)
4 the public's interest in expeditious resolution of litigation;
5 (2) the court's need to manage its docket; (3) the risk of
6 prejudice to the defendants; (4) the public policy favoring
7 disposition of cases on their merits; and, (5) the availability
8 of less drastic alternatives.  Thompson, 782 F.2d at 831;
9 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,
10 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

11  In the instant case, the court finds that the public's
12 interest in expeditiously resolving this litigation and the
13 court's interest in managing the docket weigh in favor of
14 dismissal.  The third factor, risk of prejudice to defendants,
15 also weighs in favor of dismissal, since a presumption of injury
16 arises from the occurrence of unreasonable delay in prosecuting
17 an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
18 1976).  The fourth factor -- public policy favoring disposition
19 of cases on their merits -- is greatly outweighed by the factors
20 in favor of dismissal discussed herein.

21  Accordingly, the court HEREBY RECOMMENDS that this action be
22 DISMISSED for plaintiff's failure to comply with the court's
23 order of February 8, 2006, and for failure to prosecute.

24  These Findings and Recommendations are submitted to the
25 United States District Judge assigned to the case, pursuant to
26 the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen**
27 **(15) days** after being served with these Findings and
28 Recommendations, plaintiff may file written objections with the

3

court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 14, 2006**              **/s/ Sandra M. Snyder**
icido3                                    UNITED STATES MAGISTRATE JUDGE